UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUY MCEACHIN,

   *Plaintiff,*            **MEMORANDUM & ORDER**

  -against-               03-CV-6421 (CBA)

CITY OF NEW YORK ET AL,

   *Defendant,*
------------------------------------------------------------X
AMON, United States District Judge:

  Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's 42 U.S.C. § 1983 claim that he was a victim of false arrest, malicious prosecution, and a conspiracy[1] on the ground that the statute of limitations for plaintiff's claims expired prior to the filing of his complaint.[2] For the forgoing reasons, defendants' motion is granted and the case is dismissed.

 I.  Facts

  On April 17, 1999, detectives Frank Gramarossa and Ramon Munoz witnessed plaintiff, Guy McEachin, holding and smoking what appeared to be a marijuana cigarette in a fenced-in lot behind buildings in Queens, New York. (Compl. at ¶ IV. 3.) The detectives also claimed that they smelled a marijuana odor in the vicinity. (Tr.[3] 401.) When approached by the detectives,

---

[1] On January 12, 2004, the Court construed his conspiracy claim to have been brought pursuant to 42 U.S.C. § 1985. As discussed below, the result is the same if McEachin intended to bring his conspiracy claim pursuant to 42 U.S.C. § 1985.

[2] Defendants also assert nine other grounds for dismissal, however, the Court need only examine this one to dispose of the action.

[3] References to "Tr." refer to the transcript from McEachin's criminal trial.

-1-

plaintiff discarded the marijuana cigarette and attempted to flee.  (Tr. 516.)  The detectives apprehended the plaintiff, placed him under arrest, and recovered the discarded remains of the marijuana cigarette.  (Tr. 403.)  The subsequent search of the plaintiff's person executed incident to the arrest produced 79 bags of cocaine, a beeper, a razor blade and assorted empty ziplock bags.  (Tr. 404.)  On May 18, 1999, a grand jury indicted plaintiff in a nine count indictment with two counts of Unlawful Possession of Marijuana (N.Y. PENAL LAW § 221.05), Criminal Possession of Marijuana in the Fifth Degree (N.Y. PENAL LAW § 221.10), two counts of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. PENAL LAW §§ 220.16-1 & -12), two counts of Criminal Possession of a Controlled Substance in the Seventh Degree (N.Y. PENAL LAW § 220.03), Criminally Using Drug Paraphernalia in the Second Degree (N.Y. PENAL LAW § 220.50-2) and Resisting Arrest (N.Y. PENAL LAW § 205.30-1).

Assistant District Attorneys Golia and Chu, defendants in this action, prosecuted plaintiff's resulting criminal trial.  At trial, the plaintiff and defendant Gramarossa and his partner, detective Munoz, testified.  Plaintiff alleged that defendants Donna Golia and Daniel Chu conspired with defendant Gramarossa by assisting in the preparation of allegedly perjurious testimony.  (Compl. at ¶ IV. 3.)  On August 30, 2000, plaintiff was acquitted of the marijuana charges, but was convicted of the cocaine-related offenses.[4]  (Cert. of Disp. of Indict.)[5]

  II.  Procedure

On December 17, 2003, plaintiff filed a civil complaint under 42 U.S.C. § 1983 alleging false arrest; malicious prosecution stemming from his April 1999 arrest and subsequent trial; and

---

[4] It is unclear from the record before the Court whether McEachin was tried on the resisting arrest charge.

[5] The certificate of disposition of the indictment cited as "Cert. of Disp. of Indict."

conspiracy by an officer and two Assistant District Attorneys to present false testimony on the witness stand. Plaintiff argued that his arrest was unlawful for lack of probable cause to arrest him and that the prosecution knowingly relied on false trial testimony to secure his conviction. Plaintiff named as defendants, the City of New York; the New York Police Department ("NYPD"); former NYPD Commissioner, Howard Safir; Queens District Attorney, Richard Brown; Queens Assistant District Attorneys, Donna Golia and Daniel Chu; and NYPD detective, Frank Gramarossa.

On January 12, 2004, the Court initially ordered McEachin to show cause why his petition should not be dismissed as untimely. McEachin responded on February 13, 2004 ("2004 Declaration"), arguing that he was entitled to equitable tolling because of court visits and his mental health. The Court never ruled on the issue of timeliness at that stage in the litigation.

Subsequently, defendants filed a motion to dismiss the complaint on August 13, 2004. Defendants moved to dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure on the grounds that (1) plaintiff's cause of action is barred due to the expiration of the statute of limitations on August 30, 2003; (2) probable cause existed to arrest plaintiff and therefore the false arrest claim is void; (3) plaintiff fails to state a claim for malicious prosecution; (4) the District Attorney defendants Brown, Golia and Chu are entitled to absolute immunity; (5) Detective Gramarossa is entitled to qualified immunity; (6) plaintiff fails to state a claim for municipal liability by defendant City; (7) the NYPD is not a suable entity; (8) plaintiff has not sufficiently alleged a conspiracy among the defendants to deprive him of his constitutional rights; (9) defendants Brown and Safir were not personally involved in the alleged deprivation of plaintiff's constitutional rights; and (10) with respect to any alleged state law claims, plaintiff failed to sufficiently state a cause of action against defendants.

On November 8, 2004, plaintiff filed a memorandum of law in opposition to defendants' motion to dismiss ("Plaintiff's Opposition"). In Plaintiff's Opposition, McEachin argues that because he was ordered on January 12, 2004 to show cause why his complaint should not have been dismissed as untimely and he has replied to that order, then his claims cannot be dismissed for lack of timeliness at this stage.[6] Defendants submitted a reply to Plaintiff's Opposition on December 7, 2004, arguing that the 2004 Declaration does not support an equitable tolling defense.[7] Plaintiff submitted a letter dated March 4, 2007 as his surreply ("Surreply").[8]

III. Standard for a Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. The District Court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

---

[6] He also argues: that defendant Gramarossa had no "credible objective reason" to arrest him and therefore had no probable cause to make an arrest; that his acquittal, or favorable termination regarding the marijuana charges, laid the foundation for a malicious prosecution claim; and that a conspiracy existed between some of the defendants to deprive him of his constitutional rights. He also briefly addressed the qualified immunity defense.

[7] Defendants also maintain that detective Gramarossa had probable cause for McEachin's arrest, negating the false arrest and malicious prosecution claims, and that McEachin has not adequately pleaded his claim of conspiracy.

[8] In a letter dated December 23, 2004, McEachin had sought the ability to file a surreply. The Court denied this request on January 12, 2005. Subsequently, on February 2, 2007, the Court directed plaintiff to file a surreply to address the equitable tolling issue.

IV.     Discussion

The statute of limitations imposes upon the potential plaintiff a duty to seek redress for wrongs done to him in a timely fashion, or else forfeit those claims. McEachin has brought his claims under 42 U.S.C. § 1983,[9] which does not contain a statute of limitations provision. However, the Supreme Court has mandated that federal courts considering § 1983 claims borrow the relevant state's general or residual statute of limitations for personal injury. Owens v. Okure, 488 U.S. 235, 250 (1989). Accordingly, New York's general statute of limitations for personal injury, which is three years, applies to cases brought pursuant to § 1983. Curto v. Edmundson, 392 F.3d 502, 504 (2d Cir. 2004) (finding N.Y. C.P.L.R. 214(5), which sets the statute of limitations for personal injury claims, supplies the limitations period for a civil rights claim brought under 42 U.S.C. § 1983 in New York).

Federal law governs the determination of the date on which the statute of limitations begins to run for purposes of a § 1983 action. Owens, 488 U.S. at 251. A plaintiff in a § 1983 action has three years from the date has knowledge of or should have had knowledge of the injury which is the basis of his claim to file his complaint. Ormison v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (quoting Singleton v. New York, 632 F.2d 185, 191 (2d Cir. 1980)). In this case, plaintiff's arrest on April 17, 1999 serves as the basis for the claim of false arrest. Wallace v. Kato, __ U.S. __, 127 S.Ct. 1091, 1100 (2007); Ormison, 117 F.3d at 71. The allegedly perjured testimony at trial on October 7, 1999 serves as the basis for the conspiracy claim. Plaintiff's

---

[9] To the extent that plaintiff intended to bring his conspiracy claim pursuant to 42 U.S.C. § 1985(2), the Court's analysis does not change. As discussed below, the Court finds that McEachin's claim was untimely filed. The statute of limitations period for claims brought pursuant to 42 U.S.C. § 1983 and 1985 is the same. Paige v. Police Dep't of City of Schenectady, 264 F.3d 197, 199 n.2 (2d Cir. 2001).

acquittal of the marijuana charges on August 30, 2000, serves as the basis for the malicious prosecution claim.[10]  See Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) (where the viability of the plaintiff's claims depends on his conviction being invalidated, the statute of limitations begins to run upon the invalidation..."); see also Covington v. City of New York, 171 F.3d 117 (2d Cir. 1999).  Applying the three year time bar to these three claims would put the outside limit for commencement of plaintiff's § 1983 action at April 17, 2002 for the false arrest claim, October 7, 2002 for the conspiracy claim, and August 30, 2003 for the malicious prosecution claim.  Plaintiff's complaint was dated December 9, 2003, more than twenty months past the expiration of the limitations period for the false arrest claim, almost fourteen months past the expiration of the limitations period for the conspiracy claim, and more than three months past the expiration of the limitations period for the malicious prosecution claim.[11]

In his 2004 Declaration, plaintiff argues that his trips from the correctional facility during the year 2003 (to attend court hearings) and his mental suffering (including depression, strained personal relationships and behavioral disorders) entitle him to an extension of the statute of limitations period under the doctrine of equitable tolling.  In his Surreply, McEachin reiterates these arguments and additionally argues that the Court should ignore the statute of limitations to allow McEachin to protect his constitutional rights.  The Court declines to ignore the statute of limitations.

---

[10] Favorable termination of a charge against a potential plaintiff, i.e. acquittal, is a necessary element in a malicious prosecution claim.  Therefore, a plaintiff could not have knowledge of the injury serving as the basis for such a claim until he received the favorable verdict.

[11] In his Surreply, McEachin states that he became aware "that a constitutional violation manifested itself" in 2003.  However, the standard requires the Court to look to the date that the plaintiff "should have had knowledge of the injury."  Those dates are listed above.

The plaintiff's trips to and from the correction facility for various court hearings in 2003 are not valid reasons for tolling the statute of limitations. Given the fact that the circumstances giving rise to plaintiff's § 1983 claims were known to him or should have been known to him at the latest by August 30, 2000, he had more than two years prior to any trips from the facility in which to prepare and file his claims.

The tolling of the statute of limitations as applied to § 1983 actions is governed by state tolling provisions. Wallace, __ U.S. at __, 127 S.Ct. at 1098-99; Singleton, 632 F.2d at 191 (quoting Board of Regents v. Tomanio, 446 U.S. 478, 100 S. Ct. 1790, 64 L. Ed. 2d 440 (1980)) (noting that state tolling rules, like state limitations periods, govern federal actions brought under § 1983). In New York, the statute of limitations period may be extended "if a person entitled to commence an action is under a disability because of...*insanity at the time the cause of action accrues*..." N.Y. C.P.L.R. 208 (emphasis added).

Plaintiff has not demonstrated that he suffered from insanity continuously from the time the cause of action accrued until August 30, 2003, as required to toll the statute of limitations under § 208. See Graboi v. Kibel, 432 F. Supp. 572, 579 (S.D.N.Y. 1977). If a plaintiff has a lucid interval of significant duration, preceded and followed by a period of insanity, the toll is lost and is not resurrected when a plaintiff relapses into insanity. Id. Between April 17, 1999, the date his first claim accrued, and August 30, 2003, the date his last claim expired, plaintiff only claims to have suffered from mental health problems during the periods of October through December of 2000 and again from March 2003 to the present. He makes no allegations of mental suffering between the dates of December 2000 and March 2003 and has therefore failed to establish that his condition was continuous during the limitations period. In fact, McEachin seems to exclusively rely on his mental condition in 2003 in order to toll the statute of

limitations. In his 2004 Declaration, McEachin stated that his mental condition "greatly deteriorated" from March 2003 through the present. In the conclusion of the 2004 Declaration, he asserts that "his mental health condition from March of 2003 until the present has played a sufficient role in his failure to file timely." Again, in his Surreply, McEachin only claims that he "was suffering greatly from mental health issues in 2003." Therefore, McEachin has failed to show that he suffered from insanity continuously from the time his causes of action accrued, as required to toll the statute of limitations pursuant to § 208.

Even if McEachin's symptoms were present continuously from the time his claims accrued, the Court finds that plaintiff has not demonstrated that his professed "mental suffering" constitutes "insanity" under § 208, and therefore his allegations cannot toll the statute of limitations for his § 1983 claims. Under § 208, "Insanity" is defined as the failure of an individual to understand and protect their legal rights due to an overall inability to function in society. Wenzel v. The Nassau County Police Department, No. 93-4888, 1995 U.S. Dist. LEXIS 22067, at *10 (E.D.N.Y., Aug. 5, 1995). Apathy, depression, posttraumatic neurosis, psychological trauma and repression therefrom, or mental illness alone are insufficient to invoke the tolling provisions of § 208; the mental disability must be "severe and incapacitating." Id. (citing Sanders v. Kiley, No. 91-6320, 1995 U.S. Dist. LEXIS 2130, at *12-13 (S.D.N.Y. Feb. 23, 1995) (proceeding *pro se* in court and managing affairs while in prison suggests that one understands legal rights and is not "insane")). Depression, strained relationships and behavioral disorders are not uncommon issues facing the prison population as a whole and do not rise to the level of insanity. See Wenzel, 1995 U.S. Dist. LEXIS 22067 at *10; Sanders v. Rosen, 605 N.Y.S.2d 805 (N.Y. Sup. Ct. 1993).

Plaintiff asserts in his 2004 Declaration that he hears voices, is depressed, has eating and

-8-

sleeping disorders, has strained personal relationships and has attempted suicide four times (on July 25, October 4, October 8 and November 11 in 2003).[12] Although McEachin's symptoms indicate mental suffering, they do not establish that plaintiff was unable to understand or protect his legal rights or to function in society as required by § 208. Indeed, plaintiff has represented himself *pro se* in these proceedings and attended court hearings.

The Court therefore finds that plaintiff's allegations of mental suffering do not satisfy New York's tolling provision regarding insanity. Because there is no basis for equitable tolling, plaintiff's § 1983 claims for false arrest, malicious prosecution and conspiracy to commit perjury are barred by the three-year statute of limitations.

V. Conclusion

Accordingly, the Court hereby grants defendants' motion to dismiss the complaint pursuant to 12(b)(6). The Clerk of the Court is directed to enter judgment for the defendants and to close the case.

SO ORDERED.

Dated: Brooklyn, NY
      March 29, 2007

                                      Carol Bagley Amon
                                      United States District Judge

---

[12] Note that the only date within the limitations period, and therefore relevant to tolling, is July 25, 2003.